IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,                          No. CIV S-08-2546 GEB DAD PS

    vs.

SACRAMENTO POLICE
DEPARTMENT, et al.,                <u>ORDER</u>

    Defendants.
_____/

        Pursuant to a court order filed October 14, 2009, plaintiff is prohibited from filing in this case any document seeking summary judgment or noticing a hearing on summary judgment, absent a court order granting him leave to do so.  On November 10, 2009, plaintiff filed a motion in this action for "Findings and Conclusions and Judgment on Partial Findings Pursuant to Federal Rules of Civil Procedure 52," noticed for hearing on December 11, 2009.  On November 12, 2009, plaintiff filed an identically titled motion, noticed for hearing on December 23, 2009.  By this order, both motions are denied.

        Plaintiff's purported Rule 52 motions are frivolous because the rule applies only to cases that have been tried without a jury or with an advisory jury.  This case has not been tried and, if it proceeds to trial, Rule 52 will not apply because the case has been scheduled for a jury trial on August 17, 2010.  Plaintiff presents no analysis or discussion of Rule 52 but instead

argues the merits of his claims and prays for judgment against defendants in an amount up to $300,000,000.00 and for costs of suit. The motions fail to establish any basis for findings and conclusions or for judgment on partial findings under Rule 52.[1]

Although plaintiff's Rule 52 motions are not presented as motions for summary judgment, the motions seek the same relief sought in plaintiff's defective summary judgment motions. As such, plaintiff's motions have been filed in violation of the order precluding plaintiff from filing motions for judgment in his favor. In addition, the submitting of a motion based on a rule that does not apply is a violation of Federal Rule of Civil Procedure 11. Plaintiff has been advised that by filing a document a party is certifying that he conducted a reasonable inquiry, is not presenting the document for any improper purpose, and is offering legal contentions supported by applicable law along with factual contentions that have evidentiary support. Fed. R. Civ. P. 11(b). The undersigned finds that plaintiff's motions were filed for the improper purposes of (1) flouting the court's October 14, 2009 order, (2) harassing defendants as well as the court, (3) causing delay, and (4) increasing the cost of this litigation for defendants and the court. The undersigned also finds that plaintiff filed his motions without conducting a reasonable inquiry into the application of the federal rule relied upon, failed to present a motion supported by applicable law, and failed to present factual contentions that have evidentiary support.

As a sanction for the filing of frivolous motions in an apparent attempt to circumvent the court's order precluding the filing of summary judgment motions, the court will now preclude plaintiff from filing any motion or request, however named, in which he seeks judgment in his favor. See Fed. R. Civ. P. 11; Local Rule 11-110. In accordance with Local Rule 78-230, plaintiff must file timely opposition or a statement of non-opposition in response to

---

[1] Plaintiff's second Rule 52 motion appears to have been filed in this case in error, as the caption shows Officer Dahl as the individual defendant instead of Officer McGlinchey. The motion also indicates that the matter will be heard in Department 25 rather than 27. The Clerk properly filed the motion in this case on the basis of the case number shown on plaintiff's filing.

any motion filed by defendants, and he must appear at the hearing of any such motion, but he may not file a motion or counter-motion for judgment in his favor.

Accordingly, IT IS ORDERED that:

1. Plaintiff's November 10, 2009 and November 12, 2009 motions for findings and conclusions and judgment on partial findings (Doc. Nos. 48 & 49) are denied and will not be placed on the court's calendar for hearing.

2. Plaintiff is prohibited from filing any motion or request, however named, for judgment in his favor. Failure to comply with this order will result in a recommendation that this action be dismissed with prejudice due to plaintiff's repeated violations of applicable rules and court orders.

DATED: November 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ingram2546.ord.motsden