IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

        Plaintiff,

    v.

SACRAMENTO POLICE DEPARTMENT, et al.,

        Defendants.

No. CIV S-08-2546 GEB DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

        This matter came before the court on February 5, 2010, for hearing of defendant McGlinchey's motion for summary judgment (Doc. No. 54).[1]  Marcos Alfonso Kropf, Esq. appeared on behalf of the moving party.  Plaintiff Ingram, who is proceeding pro se in this action, made no appearance and failed to file written opposition to defendant's motion.  Defendant's motion for summary judgment was taken under submission.

        Also before the court are plaintiff's "Motion for Appealing Judgement or Order Pursuant to Federal Rules of Civil Procedure 73," motion to proceed in forma pauperis on appeal, and motion for transcripts at government expense (Doc. Nos. 51, 52 and 53).

---

[1] Plaintiff has not filed evidence of service of process on defendant Sacramento Police Department and has not sought leave to amend his complaint to name defendants sued as DOES 1-50.  The undersigned will therefore recommend that all unserved defendants be dismissed pursuant to Fed. R. Civ. P. 4(m).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I. Legal Standards Applicable to a Motion for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> A party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Celotex Corp., 477 U.S. at 323.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  Summary judgment should then be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979).  In attempting to establish the existence of a factual dispute, the

1  opposing party may not rely upon the allegations or denials of its pleadings but is required to
2  tender evidence of specific facts in the form of affidavits, and/or admissible discovery material,
3  in support of its contention that a dispute exists.  See Fed. R. Civ. P. 56(e)(2); Matsushita, 475
4  U.S. at 586 n.11.  The opposing party must demonstrate that a fact in contention is material, i.e.,
5  a fact that might affect the outcome of the suit under the governing law, and that the dispute is
6  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
7  party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v.
8  Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Thus, the "purpose of
9  summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether
10 there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)
11 advisory committee's note on 1963 amendments).

12 II.  Application of the Standards

13         Defendant McGlinchey seeks summary judgment or summary adjudication on the
14 ground that he did not violate plaintiff's constitutional rights on October 28, 2007, and that he is
15 immune from liability on the basis of qualified good faith immunity.

16         Defendant's motion includes a separate statement of undisputed material facts
17 supported by (1) the declaration of defendant McGlinchey signed on an unspecified date in
18 December 2009, with copies of the police report and statements taken on October 28, 2007, (2)
19 the declaration of Officer Daniel Paiz dated December 23, 2009, with a copy of the statement
20 taken by Officer Paiz from plaintiff's companion on October 28, 2007, (3) the declaration of
21 defendant's counsel dated January 5, 2010, with attached excerpts from and an exhibit to the
22 transcript of plaintiff's deposition taken June 15, 2009, in case No. CIV S-08-2683 GEB DAD
23 PS, and (4) plaintiff's complaint.

24         Defendant's evidence establishes the following:  (1) on October 28, 2007,
25 defendant Officer Brian McGlinchey was working as a Sacramento City Police Officer, in full
26 uniform and in a marked patrol car; (2) on October 28, 2007, plaintiff was on searchable

probation pursuant to an order of the Sacramento Superior Court placing plaintiff on formal searchable probation for a period of four years; (3) plaintiff admits and understands that the terms of his probation required that he submit his person, property, automobile, and any object under his control to search and seizure by any law enforcement officer; (4) on October 28, 2007, Officer McGlinchey stopped a car driven by plaintiff; (5) when he stopped plaintiff's car, Officer McGlinchey knew that plaintiff was on searchable probation, saw plaintiff fail to signal a turn, observed that plaintiff's front window was tinted in violation of the state vehicle code, and had information that a vehicle matching the description of plaintiff's car was routinely driving in the area and its occupant was selling drugs; (6) after Officer McGlinchey stopped plaintiff's car, the officer asked plaintiff if he needed assistance getting out of the car; (7) plaintiff told Officer McGlinchey that he did not need assistance getting out of his car; (8) Officer McGlinchey searched plaintiff, using his hands to check the inside of plaintiff's pockets and in and around plaintiff's waistband; (9) to the extent that Officer McGlinchey used any force with respect to his search of plaintiff, it was only incidental; (10) Officer McGlinchey did not squeeze plaintiff's leg; (11) Officer McGlinchey used only the amount of force needed to search and arrest plaintiff; (12) after plaintiff was placed in Officer McGlinchey's patrol car, plaintiff complained that it was hot in the car, and Officer McGlinchey responded by turning on the air conditioner and leaving it on; (13) at no other time did plaintiff complain that he was suffering any pain or discomfort; (14) at no time during his encounter with Officer McGlinchey did plaintiff request medical assistance; (15) at no time during his encounter with Officer McGlinchey did plaintiff cry out in pain or otherwise indicate that he was suffering any pain; (16) plaintiff and the passenger in his car, Lamont Pride, were arrested after illegal drugs were found in plaintiff's car; (17) plaintiff admitted to the officers that he was hiding illegal drugs in his anal cavity; (18) the vehicle's passenger, Lamont Pride, was also hiding drugs in his anal cavity; (19) plaintiff has not disclosed any evidence or supporting documentation for his allegations that Officer McGlinchey violated plaintiff's civil rights in any way; (20) plaintiff consented to the search of his residence.

As required by the standards applicable to motions for summary judgment, defendant has identified portions of the pleadings, materials obtained through discovery, and affidavits that demonstrate the absence of a genuine issue of material fact as to plaintiff's claims. The burden thus shifts to plaintiff to establish that a genuine issue as to any material fact actually does exist. Plaintiff must demonstrate that any fact in contention is material, i.e., it might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence might lead a reasonable jury to return a verdict for plaintiff.

Plaintiff failed to file timely opposition to defendant's properly noticed motion, failed to appear at the hearing of the motion, and failed to seek leave to file opposition after the motion was taken under submission. As noted above, a party opposing summary judgment may not rely on the allegations or denials of his pleadings but must tender evidence of specific facts in the form of affidavits and/or admissible discovery material. In the absence of any evidence or argument filed in opposition to defendant's motion, the court has reviewed plaintiff's complaint and other filings but finds no evidence that demonstrates the existence of a disputed issue of material fact. In particular, the court has reviewed the copies of medical records attached to plaintiff's "Motion for Appealing Judgement or Order Pursuant to Federal Rules of Civil Procedure 73" but finds that these records, as presented, provide no evidence that plaintiff's rights were violated by defendant McGlinchey on October 28, 2007.

On the present record, there does not appear to be a scintilla of evidence that defendant McGlinchey violated plaintiff's constitutional rights on October 28, 2007. See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact" precluding summary judgment); see also Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997). In the absence of any evidence of a disputed issue of material fact regarding plaintiff's claims, defendant McGlinchey is entitled to summary judgment in his favor on all claims, and the court does not find it necessary to address the issue of qualified immunity.

After adequate time for discovery, plaintiff has not even attempted to establish the existence of any disputed issue of fact regarding elements essential to his claims and on which he would bear the burden of proof at trial. There is no genuine need for trial in this case.

## PLAINTIFF'S MOTIONS RELATED TO INTERLOCUTORY APPEAL

Plaintiff's motion "for Appealing Judgement or Order Pursuant to Federal Rules of Civil Procedure 73" will be denied because no final judgment has been entered in this case and plaintiff has failed to demonstrate that an interlocutory appeal should be permitted. See 28 U.S.C. § 1292. Plaintiff's related motions to proceed in forma pauperis on appeal and for transcripts at government expense will be denied without prejudice. After judgment is entered in this case by the Clerk of the Court, any party may file a notice of appeal without seeking court permission. The Federal Rules of Appellate Procedure set out the requirements for taking an appeal from final judgment. See Fed. R. App. P. 3 & 4. Transcripts should not be requested unless the Court of Appeals notifies the appellant that transcripts are needed.

## CONCLUSION

The undersigned will recommend that defendant's motion for summary judgment be granted. In light of that recommendation, the dates currently set for final pretrial conference and trial will be vacated pending a ruling by the assigned district judge on defendant's motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 23, 2009 motion for leave to file an interlocutory appeal (Doc. No. 51) is denied;

2. Plaintiff's November 23, 2009 motion to proceed in forma pauperis on appeal (Doc. No. 52) is denied without prejudice;

3. Plaintiff's November 23, 2009 motion for transcripts at government expense (Doc. No. 53) is denied without prejudice;

/////

4. Final Pretrial Conference set for May 10, 2010, and Jury Trial set for August 17, 2010, both before the Honorable Garland E. Burrell, Jr., are vacated, and the parties are relieved of the obligation to file pretrial statements;

5. The Clerk of the Court is directed to serve this order and findings and recommendations on plaintiff at his address of record and also at the following address:

> Chaderick A. Ingram, X-3076322
> Sacramento County Main Jail
> 651 I Street
> Sacramento, CA 95814;

6. The Clerk of the Court is directed to send a courtesy copy of this order and findings and recommendations to:

> Lexi Negin, Assistant Federal Defender
> Office of the Federal Defender for the Eastern District of California
> 801 I Street, 3rd Floor
> Sacramento, California 95814;

IT IS RECOMMENDED that:

1. Defendant McGlinchey's January 5, 2010 motion for summary judgment (Doc. No. 54) be granted;

2. Defendant Sacramento Police Department be dismissed due to plaintiff's failure to effect service of process on the defendant within 120 days after the complaint was filed;

3. Defendants DOES 1-50 be dismissed due to plaintiff's failure to discover the names of other defendants and seek leave to amend his complaint; and

4. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections

shall be filed within seven (7) days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2010.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ingram2546.f&r.msjgr